IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  09-20089-KHV |
| ) | |
| BRYON M. BILLINGSLEY, ) | |
| ) | |
| Defendant. ) | |

# DETENTION ORDER

## A. Order for Detention.

After conducting a detention hearing pursuant to 18 U.S.C. § 3142(f) on <u>July 24, 2009</u>, the undersigned U.S. Magistrate Judge, James P. O'Hara, hereby orders the defendant, <u>Bryon M. Billingsley</u>, detained pursuant to 18 U.S.C. §§ 3142(e) & (i).

## B. Statement of Reasons for Detention.

As the ultimate reason(s) for detaining defendant, the court finds:

☒ by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the appearance of defendant as required, i.e., defendant poses a serious flight risk.

☒ by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of any other person or the community.

☒ specifically, and without limitation of the foregoing, defendant poses a serious risk of  drug trafficking._____.

## C. Findings of Fact.

The court's findings in connection with the decision to detain defendant are based on the evidence presented during the detention hearing, and information contained in the pretrial services report, including the following:

☒ (1) Nature and circumstances of the offense(s) charged in the present case:

☒ (a) The offense(s): <u>distribution of methamphetamine; felon in possession of</u>

<div style="padding-left: 2em;">

firearm..
- ☒ (b) The offense is a crime of violence.
- ☒ (c) The offense involves a controlled substance.
- ☐ (d) The offense is a federal crime of terrorism.
- ☐ (e) The offense involves a minor victim.
- ☒ (f) The offense involves a firearm, explosive, or destructive device.

</div>

☒ (2) The record indicates the Government has a strong case against defendant.

☒ (3) The history and characteristics of defendant, including:

    (a) General factors:

- ☐ Defendant appears to be a person of poor character.
- ☐ Defendant appears to have a mental condition which may affect whether defendant will appear.
- ☐ Defendant has no [few] significant family ties in the area.
- ☒ Defendant is unemployed and has no stable history of employment.
- ☐ Defendant [does not have] [has] substantial financial resources.
- ☐ Defendant is not a long-time resident of the community.
- ☐ Defendant does not have significant community ties.
- ☐ Past conduct of defendant: _____
  _____
  _____
  _____.
- ☒ Defendant has a history relating to drug abuse.
- ☒ Defendant has a significant prior criminal record.
- ☒ Defendant has a prior record of failing to appear at court proceedings.
- ☒ Defendant has a prior record of failing to comply with conditions of release.

    (b) At the time of the current arrest, defendant was on:

- ☒ probation.
- ☐ parole.
- ☐ release pending trial, sentence, appeal, or completion of sentence.

    (c) Other factors:

- ☐ Defendant is an illegal alien and is subject to deportation.
- ☐ Defendant is a legal alien and will be subject to deportation if convicted.
- ☐ Other: _____
  _____

        _____

        _____

        _____.

☒ (4)    The threat of continued trafficking, if defendant were released poses a serious risk of danger to the community.

☒ (5)    Rebuttable presumptions.

    In determining that defendant should be detained, the court also relied on the following rebuttable presumption(s) contained in 18 U.S.C. § 3142(e):

    ☒  a.  There is probable cause to believe defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed:

        ☐ in the Controlled Substances Act, 21 U.S.C. § 801 et seq.;
        ☐ in the Controlled Substances Import and Export Act, 21 U.S.C. § 951 et seq.; or
        ☐ in the Maritime Drug Law Enforcement Act, 46 U.S.C. App. § 1901 et seq.

    ☐  b.  There is probable cause to believe defendant committed:

        ☐ an offense under 18 U.S.C. § 924(c) (use of a firearm in connection with drug trafficking or any felony-level crime of violence);
        ☐ an offense under 18 U.S.C. § 956(a) (conspiracy to kill, kidnap, or injure persons or damage property in a foreign country);
        ☐ an offense under 18 U.S.C. § 2332(b) (terrorism transcending national boundaries); or
        ☐ an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(3), 2252A(a)(1)-(4), 2260, 2421, 2422, 2423, or 2425.

    ☐  c.  (1)  The crime charged in the present case is one described in § 3142(f)(1), i.e.,

        ☐ (A)  a crime of violence;
        ☐ (B)  an offense for which the maximum penalty is life imprisonment or death;
        ☐ (C)  a controlled substance violation that has a maximum penalty of ten years or more;
        ☐ (D)  any felony and defendant previously was convicted of two or more of the offenses described in subparagraphs (A) - (C) of

                this paragraph; <u>or</u>

☐  (E)   any felony that is not a crime of violence but still involves (i) a minor victim, or (ii) the possession or use of a firearm, destructive device, or any other dangerous weapon, or (iii) a failure to register under 18 U.S.C. § 2250 (sex offender and crimes against children registry);

                <u>AND</u>

(2)   defendant previously has been convicted of one of the crimes listed in the above-described subparagraphs (A), (B), (C), or (E) (even including state or local offenses that would constitute federal crimes if federal jurisdiction existed);

(3)   the offense referred to in subparagraph (2) immediately above was committed while defendant was on release pending trial for a federal, state, or local offense; <u>AND</u>

(4)   not more than five years has elapsed since the later of the date of conviction or release from imprisonment for the offense referred to in subparagraph (2).

☐  d.  Defendant has rebutted the above-described statutory rebuttable presumption. Nevertheless, the presumption remains a factor (among all others) to be considered in deciding whether to detain defendant.

☒  e.  Defendant has failed to rebut the above-described statutory rebuttable presumption.

**D.**   **<u>Additional Directives</u>.**

Pursuant to 18 U.S.C. §§ 3142(i)(2)-(4), the court directs defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel of record in this case. On order of a court of the United States, or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: <u>July 24, 2009</u>                     <u>s/James P. O'Hara</u>

<div style="text-align: right">
James P. O'Hara<br>
U.S. Magistrate Judge
</div>